IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES BRYAN FINLEY                                                            PLAINTIFF

vs.                              Civil No. 6:13-cv-06094

CAROLYN W. COLVIN                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

       James Bryan Finley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

       Plaintiff protectively filed his disability application on April 14, 2011.  (Tr. 18, 124-130). In his application, Plaintiff claims to be disabled due to knee problems, weakness, anxiety, and depression.  (Tr. 166).  Plaintiff alleges an onset date of January 9, 2011.  (Tr. 18, 124).  This application was denied initially and again upon reconsideration.  (Tr. 71-72).  Thereafter, on January 9, 2012, Plaintiff requested an administrative hearing his application, and this hearing request was

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

1

granted. (Tr. 81-82).

Plaintiff's administrative hearing was held on November 2, 2012 in Hot Springs, Arkansas. (Tr. 33-70). Plaintiff was present at this hearing and was represented by John Howard. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 39).

On December 14, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 15-28). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 20, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 10, 2011, his alleged onset date. (Tr. 20, Finding 2). The ALJ found Plaintiff had the following severe impairments: left knee medial meniscus tear/medial formal condyle defect status post surgery, anxiety disorder, and mood disorder. (Tr. 20-21, Finding 3). However, the ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21-22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 23-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is limited to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or for up to 6 hours in an 8-hour workday; and, sitting for up to 6 hours in an 8-hour

> workday. Additionally, the claimant is limited to occasionally climbing stairs or ladders, kneeling, and crawling. Further, the claimant cannot sustain work without the option to sit/stand every 60 minutes. Morever, although the claimant's gait was unremarkable, he indicated that he occasionally has problems walking during the winter months; therefore, he cannot sustain work without the use of a cane to walk. While using a cane, the claimant's other hand is free to carry small objects. Mentally, the claimant is able to perform work where interpersonal contact is routine, but superficial, as with a grocery checker where the complexity of tasks are learned and performed by experience with several variables. The claimant can use judgment within limits. Lastly, the claimant can perform work where the supervision is little for routine work but detailed for non-routine work. [footnote omitted]

*Id.*

The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 27, Finding 8). The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 6). The ALJ determined Plaintiff did not retain the capacity to perform his PRW. *Id.* The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 27-28, Finding 10). The ALJ relied upon the testimony of the VE to make this determination. *Id.* Specifically, based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the requirements of the representative occupation of machine tender (light, semiskilled) with 1,100 such jobs locally; 5,200 such jobs regionally; and 160,000 such jobs nationally. (Tr. 28). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 10, 2011 through the date of the ALJ's decision or through December 14, 2012. (Tr. 28, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 13). On June 12, 2013, the Appeals Council denied this request for review of the ALJ's unfavorable determination. (Tr. 1-3). On August 16, 2013, Plaintiff filed the present appeal.

3

ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 6, 2013.  ECF No. 6.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2.** **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raises the two arguments for reversal: (1) the ALJ did not properly consider the combined impact of his impairments; and (2) the ALJ improperly found he retained the RFC to perform a limited range of light work. ECF No. 11. The Court has reviewed the ALJ's decision, the transcript in this matter, and the briefing filed by the Parties. Because the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, only this issue will be

addressed.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 15-28). Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's testimony and the record in this case, the ALJ solely focused on Plaintiff's medical records and whether his subjective complaints were consistent with his medical records. *Id.* Notably, the ALJ made the following finding regarding Plaintiff's allegations:

> In sum, the above residual functional capacity assessment is supported by the medical evidence and the claimant's testimony. *The claimant's alleged limitations are not fully supported by the medical record*. The undersigned notes that the claimant is limited due to his impairments. However, the impact of the claimant's symptoms does not wholly compromise the claimant's ability to function independently, appropriately, and effectively on a sustained basis. *Furthermore, the intensity and persistence of the symptoms alleged is not consistent with the medical record signs, laboratory findings, and the medical evidence as a whole.*

(Tr. 27) (emphasis added). Accordingly, based upon these findings and because the ALJ disregarded *Polaski* in her analysis, this case must be reversed and remanded.[3]

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of July 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE